IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESTER JAY MABE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:03-CR-986 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

A four-count Indictment was brought against Defendant on December 17, 2003, alleging (1) violation of 18 U.S.C. § 2252A(a)(2)(A), knowingly and intentionally receiving child pornography that was mailed, shipped, and transported in interstate or foreign commerce by any

---

[1] Docket No. 37.

1

means, including by computer; (2) violation of 18 U.S.C. § 2252A(a)(5)(B), knowingly possessing materials, to wit: floppy disks containing images of child pornography; (3) violation of 18 U.S.C. § 2252A(a)(5)(B), knowingly possessing materials, to wit: printed images of child pornography; and (4) violation of 21 U.S.C. § 802, unlawful user or addict to a controlled substance knowingly in possession of firearms and ammunition.

On July 28, 2004, Defendant pleaded guilty to count two of the Indictment, namely possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Defendant was sentenced on November 16, 2004, to a period of 27 months in the custody of the Bureau of Prisons, to be followed by a 120-month term of supervised release. Defendant now moves to terminate that supervision. The Government has objected to Defendant's Motion.

In his Motion, Defendant states that he has completed 5 years of his 120 months (10 years) of supervised release. Defendant indicates that he has complied with all of the requirements of supervised release. Defendant has successfully completed treatment at Arrowpoint Associates, a Utah Department of Corrections' approved sex offender out-patient treatment program. The executive director of the Arrowpoint program, Mr. Banta, has provided a report in support of Defendant's Motion. According to Mr. Banta, Defendant is a "'low risk' to reoffend and one who is now ready to continue to move his life forward in new opportunities of success."

Defendant indicates that he is gainfully employed with Maple Leaf Cabinets and has purchased a home in South Salt Lake. Defendant has also been actively attending a Church group and the Court received a letter in support of the Defendant from one of his ecclesiastical

leaders. Defendant gives as part of the reason he is seeking termination of his supervised release his efforts to return to full-fellowship in his Church organization. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

The Government objects to Defendant's Motion for Early Termination of Supervised Release. The Government's objection is premised on its assertion that termination of Defendant's supervision is premature at this time given the nature of Defendant's conviction. In support of its objection, the Government provides numerous studies which indicate that the rate of recidivism among sexual offenders is rather high, and the likelihood of recidivism actually increases as more time passes from the original crime.[2] According to those studies cited by the Government, "[t]his trend is especially true with pedophiles, who offend at greater rates in the later years of their life."[3]

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

---

[2] *See* Docket No. 39, at 2-3.

[3] *Id*. at 3 (citing Ryan C. W. Hall, MD, and Richard C. W. Hall, MD, PA, *A Profile of Pedophilia: Definition, Characteristics of Offenders, Recidivism, Treatment Outcomes, and Forensic Issues*, Mayo Clinic Proceedings, 82(4):458 (2007) (internal citation omitted)).

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not yet warranted or in the interest of justice. The Court notes with approval Defendant's good conduct thus far under supervised release. However, the Court is cognizant of the concerns raised by the Government and, for this reason, the Court will deny Defendant's Motion. The Court encourages the Defendant to continue his good conduct, but believes further supervision will be beneficial in this case.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 37) is DENIED.

DATED   May 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge